UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| FREDY GAVIRIA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBUS BAKERY, INC., et al.<br><br>Defendants. | Civil Action No. 11-6999 (JLL) (JAD)<br><br>OPINION |
|---|---|

**LINARES**, District Judge.

This matter comes before the Court by way of Defendants Columbus Bakery, Inc. and Jack Gambino's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Court has considered the submissions made in support of and in opposition to Defendants' motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion is DENIED.

I.     **BACKGROUND**[1]

Plaintiffs Jorge Acuna and Fredy Gaviria filed this Fair Labor Standards Act ("FLSA") action against Defendants on November 30, 2011. Compl., ECF No. 1. The Court has jurisdiction over this action under 28 U.S.C. § 1331. It centers on Plaintiffs' allegations that

---

[1] The background section is drawn largely from Plaintiffs' Supplemental 56.1 Statement. Defendants' Response 56.1 Statement attempts to deny many of the facts contained in the numbered paragraphs of Plaintiffs' Supplemental 56.1 Statement with one word: "Denied." Defendants' denial without citation to the record is insufficient. Local Civil Rule 56.1(a) provides that the movant shall respond to each paragraph of a supplemental statement of disputed material facts by "indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion . . . ." As Defendants have failed to provide such citations to the record in support of their disagreement, many of Plaintiffs' facts are deemed undisputed for purposes of this summary judgment motion. *See* L. Civ. R. 56.1(a); *see, e.g., Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 1019220, at *6 n.2 (D.N.J. Mar. 26, 2012) (citation omitted) ("[T]he court will consider any statement of fact which was not denied by the Plaintiffs with a citation to the record as undisputed for the purposes of this motion for summary judgment.").

1

Defendants underpaid them as employees of Defendant Columbus Bakery and, thereby, violated the statutory minimum wage and overtime provisions of the FLSA. The Court does not discuss these specific allegations any further, however, since Defendants' motion for summary judgment centers on only two issues. First, whether Plaintiffs, as employees of Columbus Bakery, handled goods or merchandise that were previously moved or produced in interstate commerce. Second, whether Columbus Bakery had annual gross sales of at least $500,000.

Columbus Bakery and its owner, Defendant Gambino, operate a bakery located at 197 Bloomfield Avenue, Bloomfield, New Jersey. *See* Defs.' 56.1 Stmt. ¶ 1, ECF No. 46-1; Pls.' Resp. 56.1 Stmt. ¶ 1, ECF No. 52-1. Columbus Bakery employed Acuna from approximately 1998 until February 2013. Pls.' Supplemental 56.1 Stmt. ¶ 1, ECF No. 52-1; Defs.' Resp. 56.1 Stmt. ¶ 1, ECF No. 55-8.[2] It also employed Gaviria from approximately June 2006 until September 2011, and then again from November 2012 until February 2013. Pls.' Supplemental 56.1 Stmt. ¶ 9; Defs.' Resp. 56.1 Stmt. ¶ 9. Acuna and Gaviria worked as a baker and baker's assistant, respectively. Defs.' 56.1 Stmt. ¶ 2; Pls.' Resp. 56.1 Stmt. ¶ 2. In these roles, Plaintiffs allege that they regularly handled baking supplies, including poppy and sesame seeds. *See* Pl. Acuna's Decl. ¶ 11, ECF No. 52-3; Pl. Gaviria's Decl. ¶ 9, ECF No. 52-2. Columbus Bakery purchased its baking supplies from a supplier located in New Jersey and did not sell its products outside of New Jersey. Defs.' 56.1 Stmt. ¶¶ 8-9; Pls.' Resp. 56.1 Stmt. ¶¶ 8-9.

Plaintiffs also allege that they moved throughout Columbus Bakery during their workday and observed the amounts of goods it produced. Pl. Acuna's Decl. ¶¶ 7, 10; Pl. Gaviria's Decl. ¶¶ 5, 8. On a typical day, Plaintiffs claim to have observed Columbus Bakery produce approximately 350 subs, 360 bruno subs, 240 pizza pies, 50 French loaves, 50 Bastone loaves, 80

---

[2] The Court deems this fact and many of the facts that follow as undisputed since Defendants did not cite to affidavits or other documents in the record to support their denial. *See supra* note 1.

2

Panella loaves, 150 dozen long rolls, 150 dozen round rolls, 40 dozen Kaiser rolls, 40 dozen box rolls, and 100 dozen semolina rolls. Pl. Acuna's Decl. ¶¶ 7, 10; Pl. Gaviria's Decl. ¶¶ 5, 8. Another former employee of Columbus Bakery, Angelo Rodriguez, claims to have made the same observations. Rodriguez's Decl. ¶ 10, ECF No. 52-4. Columbus Bakery's invoices note that it charged customers as low as $0.40 per sub or bruno sub, $0.50 per pizza pie, $1.00 per French or Bastone loaf, $1.50 per Panella loaf, $2.05 per dozen long rolls, and $2.65 per dozen round, Kaiser, box, or semolina rolls. Pls.' Supplemental 56.1 Stmt. ¶ 18; Defs.' Resp. 56.1 Stmt. ¶ 18. These amounts and prices led "Plaintiffs to estimate that Columbus Bakery regularly did over $1,650.00 in gross sales every day," or over $600,000 in gross sales every year. *See* Pls.' Resp. 56.1 Stmt. ¶ 3. In contrast, Columbus Bakery's federal income tax returns state that Columbus Bakery had annual gross sales of $484,439 in 2008, $385,825 in 2009, $348,914 in 2010, and $296,032 in 2011. Def.' 56.1 Stmt. ¶¶ 3-6. Plaintiffs challenge the veracity of these tax returns. *Id.*; Pls.' Resp. 56.1 Stmt. ¶¶ 3-6.

In light of the foregoing, Plaintiffs filed this FLSA action. Compl., ECF No. 1. Defendants now move for summary judgment on the basis that Plaintiffs have failed to establish enterprise coverage pursuant to 29 U.S.C. § 203(s)(1)(A).

## II. LEGAL STANDARD

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure if the materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a summary judgment motion, the moving party must first show that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to present evidence that a genuine dispute of material fact compels a trial.

3

*Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999) (citations omitted). To do so, the nonmoving party must offer specific facts that establish such an issue, and may not simply rely on unsupported assertions, bare allegations, or speculation. *Id.* (citation omitted). The Court must consider all facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party. *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

### III. DISCUSSION

Plaintiffs contend that Defendants owe them unpaid wages under the statutory minimum wage and overtime provisions of the FLSA. *See* Pls.' Opp'n Br. 1, ECF No. 52. Said provisions allow a plaintiff employee to recover such unpaid wages when he either "[1] is engaged in commerce or in the productions of goods for commerce, or [2] is employed in an enterprise engaged in commerce or in the production of goods for commerce . . . ." 29 U.S.C. §§ 206(a), 207(a)(1). Plaintiffs do no claim coverage under the first category, known as "individual coverage." Pls.' Opp'n Br. 6 n. 1; *Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009) (citation omitted). Instead, they claim coverage under the second category, known as "enterprise coverage." *Jacobs*, 577 F.3d at 96.

A defendant enterprise must satisfy two prongs for an employee to qualify for enterprise coverage. First, it "has employees engaged in commerce or in the production of goods for commerce," or "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person . . . ." 29 U.S.C. § 203(s)(1)(A). Second, it has "annual gross volume of sales made or business done . . . not less than $500,000 . . . ." *Id.* Here, Defendants argue that there is no genuine dispute of fact that Defendant Columbus Bakery

does not satisfy either prong. *See* Defs.' Br. 4, ECF No. 46-2. The Court will address each prong, in turn.

> A. Whether Plaintiffs, as Employees of Columbus Bakery, Engaged in Commerce or in the Production of Goods for Commerce or Handled, Sold, or Otherwise Worked on Goods or Materials That Were Moved in or Produced For Interstate Commerce

Defendants argue that Columbus Bakery does not satisfy the first prong of enterprise coverage because Plaintiffs, as employees, "did not participate in interstate instrumentalities of commerce as required by the FLSA." *Id.* They note that Columbus Bakery "did not sell its bread interstate and all of its suppliers/customers were within the State of New Jersey." *Id.* at 7. Defendants, however, misstate what the FLSA requires in order for a defendant enterprise to satisfy the first prong of enterprise coverage. Indeed, a defendant enterprise satisfies the first prong of enterprise coverage when its employees handle goods or materials that have been moved or produced in interstate commerce. *See Marshall v. Brunner*, 668 F.2d 748, 752 (3d Cir. 1982) ("Congress intended to extend the coverage of the [FLSA] to firms, like [defendant's] which use materials that have been moved in or produced in, commerce."); *see also Jacobs*, 577 F.3d at 99 n. 7 (noting that the first prong of enterprise coverage "is rarely difficult to establish . . . because it is met by showing that two or more employees have 'handl[ed] . . . materials that have been moved in . . . commerce[.]'") (citations omitted); *Brock v. Hamad*, 867 F.2d 804, 808 (4th Cir. 1989) ("[I]t is well established that local business activities fall within the FLSA when an enterprise employs workers who handle goods or materials that have moved or have been produced in interstate commerce."). On this basis alone, Defendants have not met their burden on summary judgment—to show that there is no genuine dispute of material fact—as to the first prong of enterprise coverage.

5

Even if Defendants had applied the correct standard to satisfy the first prong, Plaintiffs have come forward with evidence suggesting that they handled goods or materials that previously traveled in interstate commerce. Specifically, Plaintiffs claim that they handled poppy and sesame seeds that Columbus Bakery purchased from its New Jersey supplier that they believe previously traveled in interstate commerce. Pl. Acuna's Decl. ¶ 11; Pl. Gaviria's Decl. ¶ 9; Faillace Decl. ¶ 11, ECF No. 52-5. Plaintiffs assert that "it is highly unlikely that these seeds were grown in New Jersey because sesame seeds are commercially grown in Texas, Oklahoma and Kansas[] and it is illegal to commercially produce poppy seeds in the United States," and provide supporting citations to various websites.[3] Pls.' Opp'n Br. 13 (citing to American Sesame Growers Association, *Some Quick Facts About Sesame* (Oct. 18, 2013) http://www.sesamegrowers.org/quick%20facts.htm ("Sesame is a row crop grown . . . in Texas, Oklahoma, and Kansas.") and United Nations Office on Drugs and Crime, *The Suppression of Poppy Cultivation in the United States* (Oct. 18, 2013) http://www.unodc.org/unodc/en/data-and-analysis/bulletin/bulletin_1950-01-01_3_page003.html ("The United States, however, has no present intention of entering the field of poppy cultivation. On the contrary, this field was abandoned as a matter of national policy, and commercial poppy cultivation suppressed.") and Daniel Engber, *If You Can't Grow Poppies . . . Where do Poppy Seeds Come From?*, Slate (Oct. 18, 2013) http://www.slate.com/articles/news_and_politics/explainer/2005/05/if_you_cant_grow_poppies_.html (It's against the law to grow opium poppies in the United States, although enforcement has been inconsistent in the case of small-time gardeners who grow them as ornamental flowers. According to the Controlled Substances Act, every part of the opium poppy except the seed is

---

[3] *See, e.g., Griffin v. Comm'r of Soc. Sec.*, 305 F. App'x 886, 889 n. 3 (referring generally to use of medical websites as evidence).

illegal, including the seed pods, but some companies do import dried seed pods for decorative purposes.")).[4] Ultimately, Plaintiffs have raised a genuine dispute of fact as to whether they handled goods or materials that were moved in or produced for commerce. *See, e.g., Li v. Cheng*, No. 10-4664, 2012 WL 1004852, at *5 (E.D.N.Y. Mar. 23, 2012) ("the restaurant's purchase of rice and other ingredients seems enough to satisfy the first part of the statutory requirement for enterprise coverage . . . ."); *see also Darling v. Frank*, Nos. 96-6222, 96-6296, 1997 WL 633962 (10th Cir. Oct. 15, 1997) (noting that it is irrelevant whether defendant enterprise purchases supplies locally when said supplies were previously moved in interstate commerce and later handled by defendant's employees). Since Plaintiffs have shown that there is a genuine dispute of fact concerning Columbus Bakery's satisfaction of the first prong of enterprise coverage, granting summary judgment in favor of Defendants under that prong would be improper. The Court next addresses whether there is a genuine dispute of fact as to Columbus Bakery's satisfaction of the second prong of enterprise coverage.

B.  Whether Columbus Bakery Had Annual Gross Sales of at Least $500,000

To satisfy the second prong of enterprise coverage, a defendant enterprise must have annual gross sales of at least $500,000. 29 U.S.C. § 203(s)(1)(A)(ii). Defendants argue that they are entitled to summary judgment because Columbus Bakery's annual federal income tax returns show that it did not meet this threshold during the years relevant to this case. Defs.' Br. 5. Columbus Bakery's tax returns state that Columbus Bakery had annual gross sales of $484,439 in 2008, $385,825 in 2009, $348,914 in 2010, and $296,032 in 2011. Defs.' 56.1 Stmt. ¶¶ 3-6. Defendants contend that it is "well-settled that the total sales or business done by an 'enterprise' should be determined from its income tax returns." Defs.' Br. 6. They cite to a number of nonbinding cases in support of this contention. For instance, Defendants cite to *Stout v. St.*

---

[4] Defendants' Reply Brief does not address Plaintiffs' evidence and/or assertions concerning the seeds. ECF No. 55.

7

*Amour's Lawn Care, LLC*, which states that "[a]n enterprise's total sales or business done *may* be determined from its tax returns." No. 07-1882, 2008 WL 816818 (M. D. Fla. Mar. 25, 2008) (emphasis added and citations omitted). By contrast, however, other district courts have stated that "[t]here is substantial precedent suggesting that tax returns are not dispositive and the veracity of those documents can be questioned by a Plaintiff. . . . Furthermore, there is substantial precedent suggesting that factors other than tax returns are relevant in determining whether the $500,000 threshold is met." *Jia Hu Qian v. Siew Foong Hui*, 2013 WL 3009389, at *3 (S.D.N.Y. June 14, 2013) (citations omitted). Absent any binding legal authority on the issue, the Court declines to rule as a matter of law that tax returns are dispositive for purposes of establishing an enterprise's gross annual sales pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

Moreover, the Court concludes that Plaintiffs have raised an issue of fact as to the veracity of Columbus Bakery's tax returns. In particular, Plaintiffs contend that Columbus Bakery underreported the number of people that it employed and the wages that it paid its employees. Pls.' Resp. 56.1 Stmt. ¶ 3. They estimate that Columbus Bakery "regularly did over $1,650.00 in gross sales every day," or over $600,000 in gross sales every year. *See* Pls.' Resp. 56.1 Stmt. ¶ 3. To arrive at their daily estimate, Plaintiffs multiplied the amount of each type of bread that they typically observed Columbus Bakery produce each day with the invoice price per unit of that type of bread. *See id.* They did so for each type of bread and then added these figures together. *See id.*

Plaintiffs' method of arriving at their estimate distinguishes this case from *Lopez v. Top Chef Inv., Inc.*, No. 07-21598, 2007 WL 4247646 (S. D. Fla. Nov. 30, 2007). The plaintiff in *Lopez* supported his argument that the defendant enterprise understated its income tax returns with only an affidavit stating: "I have personal knowledge as to earnings of $1,500.00 a day . . .

including cash receipts." 2007 WL 4247646, at *3. The *Lopez* court found that this statement was conclusory and was unwilling to credit it because the plaintiff "g[ave] no indication of how he, working only as a cook in the kitchen, ha[d] personal knowledge of the Defendants' earnings." *Id.* Here, in contrast, Plaintiffs relied on invoices and observations that they and Rodriguez, another former employee, made of the amounts of goods that Columbus Bakery produced to estimate Columbus Bakery's earnings. While there may be credibility issues concerning Plaintiffs and Rodriguez's observations of these amounts, it would be improper to resolve these issues on a summary judgment motion. Suffice it to say that a reasonable jury could conclude that Columbus Bakery earned over $500,000 in annual gross sales based on Plaintiffs' estimate and the evidence underlying it. *See, e.g., Lin v. Yeh's Bakery, Inc.*, No. 12-2146 (JG), 2013 WL 867436, at *3 (E.D.N.Y. Mar. 7, 2013) (finding that a reasonable jury could conclude that defendant bakery earned over $500,000 annually based on plaintiff baker's estimate in spite of defendant's tax returns to the contrary). Defendants' motion for summary judgment is therefore denied.

## IV. CONCLUSION

For the reasons discussed herein, the Court DENIES Defendants' motion for summary judgment.

An appropriate Order accompanies this Opinion.

DATED: 12 of November, 2013.

JOSE L. LINARES
U.S. DISTRICT JUDGE